EMMA FINCHAM, EXECUTRIX, ESTATE OF EDWARD FINCHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30071. Promulgated July 25, 1929.

*George Barrett, Esq.*, and *Ray G. Ransom, C. P. A.*, for the petitioner.

*Arthur H. Murray, Esq.*, for the respondent.

1420

OPINION.

Lansdon: We are unable to determine from the record whether the executrix included the value of the homestead and other property of the decedent exempt from taxation under the laws of Kansas in the gross taxable estate which she reported and upon which she paid estate taxes. In any event counsel for respondent confessed error in respect of the value of such homestead, of an automobile, and of other property personally owned by the decedent in the respective amounts of $8,000, $785, and $350, as exempt under the laws of Kansas. In the recomputation of petitioner's tax liability such amounts should be excluded from the value of the taxable estate of the decedent.

The evidence convinces us that the Commissioner erroneously increased the value of five parcels of land included in the decedent's taxable estate from the reported value of $30,000 to a tentative value for estate-tax purposes of $36,200. Three witnesses, all land owners in Pratt County, and all familiar with land values in that and other western Kansas counties, testified that the reported values in their judgment represented the actual value of such lands in 1924. The respondent offered no evidence in rebuttal and was unable by cross-examination to impeach or impair the value of the testimony taken in behalf of the petitioner. We, therefore, hold that the Commissioner erroneously increased the reported value of such lands in the amount of $6,200.

The petitioner has adduced evidence that convinces us that the transfers of 25 quarter sections of land by the decedent to his children in 1918 were not made in contemplation of death. The value of such lands in the amount of $52,000 was erroneously added to the taxable estate of the decedent, and in the recomputation of tax liability thereon should be excluded therefrom.

> *Decision for the petitioner will be entered under Rule 50.*